UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| ROBERT LEE BORDEN,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 14-cv-04332-NJV<br><br>**ORDER RE MOTIONS FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 21, 32 |

    Plaintiff Robert Lee Borden seeks judicial review of an administrative law judge ("ALJ") decision denying his application for disability insurance benefits under Title II of the Social Security Act and Supplemental Security Income payments under Title XVI of the Act. AR 161. Plaintiff's request for review of the ALJ's unfavorable decision was denied by the Appeals Council. AR 1-6. The decision thus is the "final decision" of the Commissioner of Social Security, which this court may review. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Both parties have consented to the jurisdiction of a magistrate judge. (Docs. 6,7.) The court therefore may decide the parties' motions for summary judgment. For the reasons stated below, the court will deny Plaintiff's motion for summary judgment, and will grant Defendant's motion for summary judgment.

## LEGAL STANDARDS

    The Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). A district court has a limited scope of review and can only set aside a denial of benefits if it is not supported by substantial evidence or if it is based on legal

error. *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 979 (9th Cir. 1997). "In determining whether the Commissioner's findings are supported by substantial evidence," a district court must review the administrative record as a whole, considering "both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). The Commissioner's conclusion is upheld where evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

**THE FIVE STEP SEQUENTIAL ANALYSIS FOR DETERMINING DISABILITY**

A person filing a claim for social security disability benefits ("the claimant") must show that he has the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment" which has lasted or is expected to last for twelve or more months. 20 C.F.R. §§ 416.920(a)(4)(ii), 416.909. The ALJ must consider all evidence in the claimant's case record to determine disability, *id*. § 416.920(a)(3), and must use a five-step sequential evaluation to determine whether the claimant is disabled. *Id*. § 416.920. "[T]he ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983). Here, the ALJ evaluated Plaintiff's application for benefits under the required five-step sequential evaluation. AR 19-30.

At Step One, the claimant bears the burden of showing he has not been engaged in "substantial gainful activity" since the alleged date the claimant became disabled. 20 C.F.R. § 416.920(b). If the claimant has worked and the work is found to be substantial gainful activity, the claimant will be found not disabled. *Id*. The ALJ found that Plaintiff had not engaged in substantial gainful activity since February 14, 2011, his alleged onset date. AR 24.

At Step Two, the claimant bears the burden of showing that he has a medically severe impairment or combination of impairments. 20 C.F.R. § 416.920(a)(4)(ii), (c). "An impairment is not severe if it is merely 'a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities.'" *Webb v. Barnhart*, 433

F.3d 683, 686 (9th Cir. 2005) (quoting S.S.R. No. 96–3(p) (1996)). The ALJ found that Plaintiff suffered the following severe impairments: arthritis, high blood pressure, hearing loss, pain, back pain, and obesity. AR 24.

At Step Three, the ALJ compares the claimant's impairments to the impairments listed in appendix 1 to subpart P of part 404. *See* 20 C.F.R. § 416.920(a)(4)(iii), (d). The claimant bears the burden of showing his impairments meet or equal an impairment in the listing. *Id*. If the claimant is successful, a disability is presumed and benefits are awarded. *Id*. If the claimant is unsuccessful, the ALJ assesses the claimant's residual functional capacity ("RFC") and proceeds to Step Four. *Id*. at § 416.920(a)(4)(iv),(e). Here, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. AR 25. Next, the ALJ determined that Plaintiff retained the RFC "to perform medium work" with several physical and environmental limitations. AR 26. The ALJ found that Plaintiff "can perform frequent reaching, fingering and feeling with the upper left extremity; can perform frequent handling with the upper left extremity; is unable to use a telephone to communicate; and is limited to a quiet and moderate noise environments." *Id*.

At Step Four, the ALJ determined that Plaintiff was incapable of performing his past relevant work. AR 28.

At Step Five, the ALJ found that considering Plaintiff's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that Plaintiff could perform. AR 29. Accordingly, the ALJ found Plaintiff was not disabled. AR 30.

## DISCUSSION

**<u>Left Arm Numbness and Pain</u>**

Plaintiff contends that the ALJ committed error in failing to adequately consider his medically determined impairment of left arm numbness and pain as a severe impairment. Plaintiff argues that the error was not harmless because without a list of a claimant's impairments, it is not possible to accurately analyze the conditions to be addressed in Steps Three, Four and Five. He claims that designation of his left arm impairment as a severe impairment would have reduced his RFC to no more than light level exertion, which would have resulted in finding that he was

eligible for disability under Medical-Vocational Guideline 202.06.20 due to his age.

      The ALJ's findings regarding Plaintiff's severe impairments and RFC were supported by substantial evidence in the record. As the ALJ noted, consultative examiner Brian Dossey, M.D., examined Plaintiff on June 14, 2011. AR 28, 262-265. Dr. Dossey noted Plaintiff's complaints of lower back pain, hearing loss, left arm numbness, and pain in both knees, which was worse in the right knee. AR 262. He observed that Plaintiff was able to move without much difficulty, sat comfortably during the examination, got on and off the examination table without difficulty, and walked, hopped, and squatted normally. AR 263. Dr. Dossey noted that Plaintiff had some muscle atrophy in the left shoulder and rib cage area, as well as hypersensitivity of the paravertebral muscles on the left side of the spine and mild tenderness. AR 264. He also noted that Plaintiff, who is right-handed, had normal motor strength including grip strength in both the left and right upper and lower extremities. AR 264. Based on his examination, and "based upon [Plaintiff's] atrophy of his left shoulder area, related to the scapula and thoracic cage," Dr. Dossey concluded that Plaintiff could perform medium work, with no postural or manipulative limitations. AR 265.

      The ALJ accorded Dr. Dossey's findings partial weight, because Dr. Dossey had the opportunity to conduct a comprehensive examination of Plaintiff and the findings were consistent with the residual functional capacity limitation to medium work. AR 28. However, the ALJ further credited Plaintiff with additional limitations due to Plaintiff's allegations of left arm pain and numbness, hearing loss, and tinnitus. *Id*. Because Dr. Dossey's findings were based upon his own independent clinical findings, the ALJ was entitled to rely on Dr. Dossey's assessment. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (consultative physician's opinion based on examination constitutes substantial evidence).

      The ALJ also reviewed and considered Plaintiff's treatment records from the Veterans Administration ("VA"). AR 27. The ALJ observed that the records were generally unremarkable and showed treatment in 2011 and 2012 for high blood pressure, obesity, back pain, knee pain, arthritis, and hearing loss. AR 27. Plaintiff first went to the Eureka VA Clinic on April 8, 2011, to establish care and was taking no medications at the time. AR 247. He complained of numbness in his left hand and that he did not have as much strength in the left arm as in the right, but stated

that he could use the arm for activities and grip objects. *Id.* Plaintiff also complained of hearing loss. AR. 247. The nurse diagnosed Plaintiff with hypertension, left side injury, hearing loss, and tobacco use disorder. AR 248. As the ALJ noted, Plaintiff's records indicate that Plaintiff received "routine and conservative medical care for complaints of back pain, knee pain, left upper extremity pain, and tinnitus." AR 27. She specifically found that "[t]he record shows no tenderness of the knees and upper left extremity, with full extension and flexion of the knees, the ability to walk without problem throughout the day, and full range of motion of the left shoulder." *Id.*

Plaintiff asserts that the ALJ erred in stating that Plaintiff did not have tenderness of his left upper extremity. AR 27. However, this appears to be an inadvertent misstatement. The ALJ noted and credited Plaintiff's complaints of tenderness and Dr. Dossey's opinion, which included a finding of mild tenderness, in her decision. AR 28, 264. The ALJ specifically discussed and considered the treatment records regarding Plaintiff's alleged left arm numbness and pain. AR 27-28. As the ALJ noted, treatment notes from October 2011 reported that Plaintiff had full range of motion of his left shoulder and that he was able to use his left upper extremity for all activities. AR 27, 335. The ALJ further noted that Plaintiff reported that was able to hunt, fish, and maintain land around his house and did not require any pain medication or assistive device. AR 27, 335. Significantly, Plaintiff's treating doctor indicated that Plaintiff's left shoulder muscle strength was normal and its condition did not impact his ability to work. AR 28, 352, 357.

The ALJ reviewed Plaintiff's testimony, and found that his medically determinable impairments, which would include Plaintiff's left arm and hand problems as well as the osteoarthritis of his knees, could reasonably be expected to cause the symptoms Plaintiff described. AR 26. The ALJ, however, found that Plaintiff's statements about the intensity, persistence and limiting effects of these symptoms were not entirely credible. *Id*. The ALJ noted that Plaintiff had described daily activities which were not as limited as would be expected given his descriptions of disabling symptoms and limitations. AR 26-27.

The court finds that Plaintiff has not demonstrated error in the ALJ's consideration of Plaintiff's left arm numbness and pain and her determination of Plaintiff's severe impairments and RFC. The ALJ reasonably concluded that the residual functional capacity was supported by the

medical evidence of record, including the overall assessment of the VA doctors. AR 28. As Defendant argues, Plaintiff essentially simply offers alternative interpretations of the evidence in the record. It is the ALJ's province to resolve any evidentiary conflicts. *See Tommasetti v. Astrue*, 535 F.3d 1035, 1041-42 (9th Cir. 2008) ("[T]he ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence."). In this case, the ALJ's decision is supported by substantial evidence and therefore must be upheld.

Plaintiff further contends that the ALJ erred by not considering his left hand condition in combination with his other impairments as required in Step 2, regardless of whether the left hand condition was found to be a severe impairment. The court finds no merit to Plaintiff's contention. The ALJ expressly stated that she "reviewed all of the evidence" in concluding that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. AR 25. The ALJ's review of the evidence is set forth at length at pages 26 - 28 of her decision, in connection with her residual capacity determination. As the court explained in *Miles v. Astrue*, No. 5:11-CV-04013-LHK, 2013 WL 5372337, at *13 (N.D. Cal. Sept. 24, 2013),

> The fact that the ALJ's discussion of Devine's report appeared in step two rather than step four also is not error. In *Lewis v. Apfel*, the Ninth Circuit held that the ALJ had not erred in providing a boilerplate statement that the claimant had not met a listed impairment at step three where the ALJ also provided in another section a discussion of the claimant's conditions and treatment history. 236 F.3d 503, 513 (9th Cir.2001). The Ninth Circuit observed that the ALJ is required "to discuss and evaluate the evidence that supports his or her conclusion" but not necessarily under a particular heading. *Id*. As other courts have pointed out "Lewis does not require that the support for the ALJ's conclusions be placed in a specific section of the decision." *Harris v. Astrue*, No. CV 08–0831 JSW, 2009 WL 801347 at *7 (N.D. Cal. Mar. 25, 2009); see also *Perez v. Astrue*, 831 F.Supp.2d 1168, 1175–76 (C.D. Cal.2011) (finding ALJ's discussion at step two sufficient to support ALJ's RFC finding).

The court finds no error by the ALJ in regard to considering Plaintiff's left hand condition in combination with his other impairments as required in Step 2.

**Osteoarthritis in Knees**

Plaintiff contends that the ALJ erred by not appropriately considering the medically determined impairment of osteoarthritis in both knees, incorporating the arguments made in regard to Plaintiff's impairment of left arm numbness and pain. The court rejects those arguments for the

same reasons as stated above. The ALJ specifically discussed and considered Plaintiff's allegations of knee pain. AR 27-28. The ALJ noted that an August 2011 x-ray of Plaintiff's knee showed mild to moderate medial compartment joint space narrowing on the weight bearing views bilaterally and spurs of the tibial spines but otherwise appeared normal. AR 27, 282. The ALJ noted that Plaintiff was diagnosed with osteoarthritis. AR 27, 282. The ALJ also noted that Plaintiff reported to his doctor that he had pain and stiffness in both knees when getting up in the morning and then felt better as day progressed, with pain in the lateral inner aspect of both knees but no problems with walking during the day. AR 27, 297. The ALJ also observed that Plaintiff had not taken any pain medication for his symptoms, had not undergone injections for his pain, and was not prescribed a splint, braces, or cane, which indicated his ability to walk without assistance. AR. 27.

The court finds that Plaintiff has not demonstrated error in the ALJ's consideration of Plaintiff's osteoarthritis in both knees. The ALJ reasonably concluded that the residual functional capacity was supported by the medical evidence of record, including the overall assessment of the VA doctors. AR 28. Again, Plaintiff simply offers alternative interpretations of the evidence in the record. The Commissioner's conclusion is upheld where evidence is susceptible to more than one rational interpretation. *Burch*, 400 F.3d at 679.

**Reliance on Opinion of Vocational Expert**

Plaintiff contends that the ALJ erred in relying on the representative occupation of chauffeur provided by the vocational expert. Plaintiff argues that because he testified that he cannot grip with his left hand, and the vocational expert testified in response to questioning by Plaintiff's counsel that Plaintiff would not be able to perform the job safely if he could not grip the steering wheel with both hands, the ALJ failed to consider important testimony and erred in finding that Plaintiff could perform work related to his former job of truck driver.

As explained above, the ALJ did consider Plaintiff's testimony regarding his impairments, but found that his testimony regarding the persistence, intensity and limiting effects of those impairments was not entirely credible. "The hypothetical that the ALJ posed to the VE contained all of the limitations that the ALJ found credible and supported by substantial evidence in the

7

record. The ALJ's reliance on testimony the VE gave in response to the hypothetical therefore was proper." *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).  The court finds no error.

**Function-by-Function Assessment**

Plaintiff contends that the ALJ erred in failing to conduct a function-by-function assessment as required by SSR 96 in order to determine his RFC.  Plaintiff proposes that this Court follow the approach discussed in the Fourth Circuit case, *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015).  In *Mascio*, the Fourth Circuit remanded a case for further proceedings, finding that the ALJ's failure to perform the function-by-function analysis required remand. *Id.* at 635-637.

The Ninth Circuit has determined that "[p]reparing a function-by-function analysis for medical conditions or impairments that the ALJ found neither credible nor supported by the record is unnecessary." *See Bayliss*, 427 F.3d at 1217 (citing SSR 96–8p).  SSR 96-8p states an ALJ should assess a claimant's work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 CFR Section 404.1545.  Here, the ALJ expressly discussed and analyzed these functions – Plaintiff's physical abilities, mental abilities, and other abilities, such as Plaintiff's hearing impairment.  AR 24-28.  *See* 20 C.F.R. § 404.1545(b)-(d).  The court finds no error.

## CONCLUSION

Based on the foregoing, Plaintiff's Motion for Summary Judgment is DENIED and Defendant's Motion for Summary Judgment is GRANTED.  The court will issue a separate judgment.

**IT IS SO ORDERED**.

Dated: March 15, 2016

NANDOR J. VADAS
United States Magistrate Judge